CAROLYNE ANNETTE SHUFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shuford v. Commissioner
Docket No. 18246-89
United States Tax Court
T.C. Memo 1990-422; 1990 Tax Ct. Memo LEXIS 439; 60 T.C.M. (CCH) 452; T.C.M. (RIA) 90422; August 7, 1990, Filed John Corey Qua, for the petitioner. Tanya M. Marcum, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM OPINION This matter is *440 before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed. The issues to be decided are (1) whether respondent's notice of deficiency was timely mailed to petitioner's last known address and, if so, (2) whether the petition was timely filed. An evidentiary hearing was held on respondent's motion in Detroit, Michigan. Based on the Court's record and the hearing, the facts are found as follows. Carolyne A. Shuford (hereinafter petitioner) timely filed a Federal income tax return for 1986. By notice of deficiency dated February 7, 1989, respondent determined a deficiency in petitioner's 1986 income tax of $ 1,200 and additions to tax pursuant to section 6653(a)(1)(A) and (B). [1] Respondent mailed the deficiency notice by certified mail to petitioner's last known address, 40 Hancock Ct., Battle Creek, Michigan 49017-2512, which was where petitioner was residing when she filed her petition. *441 Petitioner's notice of deficiency was prepared by the Internal Revenue Service Center in Cincinnati, Ohio (hereinafter Cincinnati Service Center or center). After petitioner's deficiency notice was computed, Nadine Leap, an IRS manager assigned to the center's Examination Division, entered petitioner's name, address, and Social Security number on an Application for Registration or Certification, IRS Form 3624 (hereinafter certified mailing application or application). The certified mailing application is respondent's method of recording the taxpayers to whom deficiency notices were mailed on a particular date. The certified mailing application, in this case, correctly lists petitioner's name, last known address, and other data on page 11 of the application, and it is dated February 7, 1989. On February 6, 1989, Ms. Leap signed the bottom of page 11 of the application, "N. Leap, 2/6/89." Generally, after deficiency notices are prepared and taken to the post office, the Postal Service re-enters all of the taxpayers' names and addresses on U.S. Postal Service Form 3877 (hereinafter Form 3877). [2] After verifying that the information on Form 3877 corresponds to that on the notice-of-deficiency *442 envelopes, the Postal Service generally postmarks only Form 3877 instead of the individual envelopes. Respondent frequently relies on the date postmark stamped on the face of Form 3877 as evidence that a deficiency notice was timely mailed to a taxpayer listed on the form. In this case, however, the Postal Service failed to postmark Form 3877. The notice of deficiency arrived in Michigan on February 9, 1989, and the Postal Service immediately sent petitioner a claim check, U.S. Postal Service Form 3849, indicating that a certified letter was waiting for her to claim at the post office. When petitioner did not claim the certified letter, the Postal Service sent her a second claim check on February 15, 1989. Stubs from the two claim checks were dated "2/9" and "2/15," respectively. On February 24, 1989, the *443 Postal Service stamped the envelope containing the deficiency notice "Unclaimed - Return to Sender" and mailed it back to the Cincinnati Service Center along with the two claim check stubs attached to the sealed envelope. Petitioner's counsel sent respondent a letter, dated May 27, 1989, stating that petitioner had notice of "the instant matter" in February or March of 1989, but the record does not reflect the specific matter referred to. In his letter, petitioner's counsel enclosed cancelled checks reflecting amounts petitioner had paid to babysitters and day care services. These checks were offered as substantiation of petitioner's claimed 1986 child care credit which respondent had disallowed. On June 13, 1989, respondent mailed petitioner a supplemental tax examination report [3] reducing petitioner's 1986 tax deficiency from $ 1,200 to $ 1,127.25 to adjust for respondent's decision to partially allow her claimed child care credit. *444 Petitioner filed a petition with the Tax Court on July 21, 1989, which was more than 90 days after respondent mailed the notice of deficiency. On September 15, 1989, respondent filed a motion to dismiss for lack of jurisdiction on the ground that petitioner did not file the petition within 90 days of the mailing of the notice of deficiency as required by section 6213(a). Petitioner objects to respondent's motion and the assessment of her tax deficiency on alternative grounds that (1) no notice of deficiency was mailed to petitioner, (2) any notice mailed to petitioner is invalid because she did not receive it, and (3) the 90-day period for filing a valid petition must, in any event, be extended because respondent reduced her tax deficiency after the 90-day period had expired. It is well settled that a taxpayer invokes the jurisdiction of this Court by filing a petition with the Court within 90 days after respondent mails the taxpayer a notice of deficiency. Sec. 6213(a); ; , affd. without published opinion . A *445 valid notice of deficiency and a timely petition are essential to our jurisdiction, and we must dismiss any case in which one or the other is not present. ; . If a deficiency notice was properly mailed to petitioner on February 7, 1989, as respondent asserts, the petition must be dismissed as untimely since it was filed July 21, 1989, which was after the 90-day period during which this Court's jurisdiction may be invoked. Sec. 6213(a). Respondent has the burden of proving that the notice of deficiency was properly mailed. . A notice of deficiency is valid, whether or not the taxpayer receives it, if respondent mails the deficiency notice to the taxpayer's last known address within the period of assessment provided in section 6501(a). Sec. 6212(a) and (b); ; ; . Generally, the period of assessment runs *446 three years from the date a tax return is due, or is filed, whichever date is later. Sec. 6501(a) and (b)(1). Petitioner concedes that the envelope containing petitioner's notice of deficiency was correctly addressed to petitioner's last known address, and that she filed her 1986 tax return on or before the return's due date, April 15, 1987. Therefore, if respondent deposited the deficiency notice into the custody of the Postal Service on February 7, 1989, as he contends, the notice is valid since it was correctly addressed and mailed before the 3-year assessment period expired. Secs. 6213(b)(1), 6501(a) and (b)(1). Petitioner maintains that respondent cannot carry his burden of proving that he mailed the deficiency notice since the Postal Service failed to stamp Form 3877 with a mailing date. We disagree. We have previously stated that a properly postmarked Form 3877 is highly probative evidence that a notice of deficiency was, in fact, mailed on the date postmarked to a taxpayer listed on the form. , affd. per curiam ; . *447 [4] However, the absence of a postmarked Form 3877 is not fatal to the validity of a deficiency notice when respondent submits other documentary evidence or testimony to prove that the deficiency notice was timely mailed. . [5]
In the instant case, respondent has proved that the deficiency notice was timely mailed on February 7, 1989. First, we accord great weight to the certified mailing application dated February 7, 1989. Respondent has submitted direct evidence that the notice of deficiency arrived at its destination, Battle Creek, Michigan, shortly after it was mailed in Cincinnati. The two claim check stubs dated "2/9" and "2/15" and attached to *448 the notice-of-deficiency envelope prove that petitioner was notified by the Postal Service on two occasions that a certified letter had arrived for her at the local post office. The date of the first claim check stub, February 9, 1989, further supports that the deficiency notice was mailed from Cincinnati on February 7, 1989, as respondent argues. The timely mailing of the deficiency notice is also corroborated by the Post Office's returning of the deficiency envelope on February 24, 1989, to respondent's Cincinnati Service Center. Accordingly, we find that respondent mailed the notice of deficiency by certified mail to petitioner's last known address on February 7, 1989, before the assessment period had expired, and that the notice of deficiency is, therefore, valid. Sec. 6212(a) and (b)(1). The fact that petitioner may not have received the deficiency notice does not affect its validity. . Therefore, petitioner's second argument is without merit. We are also unpersuaded by petitioner's final argument that the 90-day period for filing a valid petition must be renewed or extended because respondent, *449 in a tax examination report, reduced her 1986 tax deficiency after the 90-day filing period had elapsed. Section 6213(a) provides that the period during which a taxpayer may file a petition with this Court begins to run only "after the notice of deficiency authorized in section 6212 is mailed." Section 6212(a) requires respondent to determine that a deficiency exists before issuing a notice of deficiency. Because the tax examination report reveals on its face that respondent had determined a reduction, rather than an increased deficiency, in petitioner's 1986 tax, the report does not extend the 90-day filing period. , affg. , cert. denied sub nom. ; see also , cert. denied . A different rule would only encourage respondent to stop considering substantiating evidence submitted by taxpayers after the deficiency notices are issued in order to protect its tax assessments. Since petitioner filed her petition on July 21, 1989, more *450 than 90 days after respondent mailed the deficiency notice, she filed it too late to invoke this Court's jurisdiction to hear her case on its substantive merits. Sec. 6213(a). We have considered petitioner's other arguments and have found them unpersuasive and without merit. Having found that respondent mailed a valid deficiency notice and that petitioner failed to file a timely petition, we grant respondent's motion to dismiss for lack of jurisdiction. To reflect the foregoing, An appropriate order will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. U.S. Post Office Form 3877 is very similar in format to IRS Form 3624, Application for Registration or Certification, issued by respondent, but is entitled Acceptance of Registered, Insured, C.O.D. and Certified Mail.↩
3. The full title of the document is Report of Individual Income Tax Examination Changes for 1986.↩
4. See also , affd. per curiam .↩
5. See also , affd. without published opinion .↩